IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Guillermo Juan Echevarria aka Guillermo Juan Echevarria Hernandez<br>Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>Secured Creditor<br>vs. | NO. 21-11402 PMM |
| Guillermo Juan Echevarria aka Guillermo Juan Echevarria Hernandez<br>Debtor(s) | |
| Scott F. Waterman<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence, as included in the completed forbearance period, is **$2,181.42,** which breaks down as follows:

Post-Petition Forbearance Payments:    June 2021 through August 2021 at $727.14
**Total Post-Petition Forbearance Arrears    $2,181.42**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,181.42.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,181.42** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2021, following the forbearance, and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $727.14 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 5, 2021

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date: 10/13/2021

Joseph L. Quinn
Attorney for Debtor(s)

Date: 10/15/2021

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this  21st  day of  October  , 2021. However, the court retains discretion regarding entry of any further order.

*Patricia M. Mayer*

_____
Bankruptcy Judge
Patricia M. Mayer